IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  04-cv-02384-WYD-PAC

PATRICE THIESSEN,

    Plaintiff,

v.

BUREAU OF LAND MANAGEMENT, WILD HORSE HOLDING FACILITY, CANON CITY, COLORADO,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

This is a case concerning the adoption of a wild horse under the Bureau of Land Management's ("BLM") Wild Horse Internet Adoption Program.  A November 22, 2004 General Order of Reference referred the case to the undersigned for pretrial case management and for recommended ruling on dispositive motions.  The matter now before the court is defendants Bureau of Land Management and Wild Horse Holding Facility's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law [filed April 15, 2005], which was referred to the undersigned on April 18, 2005. Plaintiff filed her response to the motion on May 23[1], to which defendants filed their reply on June 6, 2005.  The matter is fully briefed and the court has determined that oral

---

[1] Another response was filed on May 24, which is the same document as the one filed the previous day, save for the handwritten page numbers and signatures at the bottom of the first three pages of text.  The second response lacks the signature and certificate of mailing pages contained in the response filed May 23, but is otherwise identical to the first response filed.

04-cv-02384-WYD-PAC
August 1, 2005

argument is not necessary.

## Background

Plaintiff filed her *pro se* complaint on November 17, 2004, seeking relief in the nature of specific performance which would allow her to adopt wild horse #7359, and otherwise to transfer possession of the animal from the party who adopted the horse to the plaintiff. According to plaintiff, she was the second highest bidder for horse #7359, a pinto stud.

On Wednesday, September 15, 2004, plaintiff avers she was contacted by Karen Malloy of the BLM Wild Horse Internet Adoption Program and told that the highest bidder for #7359 had notified the BLM that he was no longer interested in adopting the animal. Plaintiff, as the next highest bidder, was informed that she had the option of adopting the horse. She was instructed to contact Lona Kossnar at the Canon City Holding Facility, which she did. Kossnar left a message on plaintiff's voice mail that day stating that "the guy" (apparently referring to the highest bidder) had until Friday, September 17, 2004 to pick up the horse. After some telephone and e-mail communications, horse #7359 was adopted on Friday, September 17, 2004 by someone other than plaintiff. Plaintiff was offered another BLM horse for the $125 adoption fee, but with halter training at no additional charge. According to defendants, plaintiff rejected that offer because she wanted only the ability to purchase horse #7359, even though that horse had already been adopted by another party. *See* exh. B to defendants' Motion to Dismiss, Assistant U.S. Attorney Michael Hegarty's October 24, 2004 letter to plaintiff.

04-cv-02384-WYD-PAC
August 1, 2005

### Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff is proceeding *pro se*, so I construe her pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).   I examine plaintiff's *pro se* complaint in a charitable manner. *Haines*, 404 U.S. at 520-21.  A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989),  nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### A. Plaintiff's Burden to Demonstrate Subject Matter Jurisdiction

Defendants have moved to dismiss the complaint under FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction.  The party bringing an action in federal court bears the burden of showing that the case falls within the court's subject matter jurisdiction. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994).  Jurisdiction is a threshold issue which should be addressed prior to consideration of the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  Plaintiff filed this action seeking to exercise her option to adopt a wild horse, pursuant to a $235 bid she made for the horse.

The adoption program plaintiff participated in is authorized by the Wild Free-Roaming Horse and Burro Act, at 16 U.S.C. § 1331 and its implementing regulations. Those regulations do not specify the manner by which the adoptions, undertaken in person or via the internet, are conducted.

04-cv-02384-WYD-PAC
August 1, 2005

Neither of the forms used by plaintiff in her filing of the complaint - one form from the U.S. District Court, District of Colorado, and another form from a Colorado District Court, entitled "Verified Complaint in Replevin" - makes reference to any source of federal jurisdiction. Absent the pleading of any basis for federal jurisdiction, it is appropriate to grant the motion to dismiss for lack of subject matter jurisdiction on that ground alone. I will however, consider other grounds plaintiff might otherwise have been attempting to use to establish subject matter jurisdiction for her claim.

### B. Jurisdiction for Suit Against the United States for Specific Performance

It is well-settled that sovereign immunity bars a suit against the United States for specific performance of a contract. *See Bowen v. Massachusetts*, 487 U.S. 879, 921 (1988); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949). The only relief plaintiff seeks is the specific performance of transfer of possession[2] of the pinto stud. Because sovereign immunity has not been waived for specific performance of a contract, there is consequently no subject matter jurisdiction.

### C. Propriety of Jurisdiction Under the Little Tucker Act - 28 U.S.C. § 1346

The Tucker Act, found at 28 U.S.C. §§ 1346 and 1491, does not afford declaratory or equitable relief, but only monetary damages. Because the only relief plaintiff seeks

---

[2] Under the adoption terms set forth in the Bureau of Land Management's "Private Maintenance and Care Agreement for Wild Horse or Burro", which is attached to plaintiff's complaint, title to the animal adopted shall remain with the Federal Government for at least one year after the Agreement is executed and until a Certificate of Title is issued.

4

04-cv-02384-WYD-PAC
August 1, 2005

is specific performance, there can be no subject matter jurisdiction under the Tucker Act.[3]

In addition, the United States' waiver of sovereign immunity against claims for monetary relief under the Tucker Act, does not extend to claims for declaratory relief,[4] such as plaintiff's claim here for possession of the horse. Because there can be no subject matter jurisdiction for plaintiff's claims under the Tucker Act, I recommend dismissal on this ground also.

### D. The Administrative Procedure Act (APA) as a Potential Source of Jurisdiction

The Administrative Procedure Act ("APA") does not create "subject matter jurisdiction permitting federal judicial review of agency action." *Califano v. Sanders*, 430 U.S. 99, 107 (1977). The Supreme Court held that the APA did not create subject matter jurisdiction for judicial review of an agency action because the legislative history of 28 U.S.C. § 1331(a) and the APA indicated that Congress intended that subject matter jurisdiction come from another source, and the APA did not contain an explicit grant of subject matter jurisdiction. *Id.* at 106-07. Plaintiff has not identified any source for

---

[3] The Supreme Court held, in *U.S. v. Mitchell*, 463 U.S. 206, 212 (1983) that by giving the Court of Claims jurisdiction over specified types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims. The Tucker Act is not implicated when the plaintiff seeks only declaratory and injunctive relief. *See Van Drasek v. Lehman*, 762 F.2d 1065, 1069 (D.C. Cir. 1985).

[4] Federal Courts appear to be unanimous in their holding that the Tucker Act impliedly forbids a federal district court from granting equitable relief against the government in contract claims. *See e.g.*, *Airport Authority v. General Dynamics Corp.*, 136 F.3d 641, 646 (9th Cir. 1998)(holding that contract based claims for declaratory and injunctive relief are impliedly barred by the Tucker Act.); *Coggeshall Dev. Corp v. Diamond*, 884 F.2d 1, 3 (1st Cir. 1989) (no waiver of sovereign immunity for the remedy of specific performance resulting from an alleged breach of contract); *Sharp v. Weinberger*, 798 F.2d 1521, 1523 (D.C. Cir. 1986)(Tucker Act impliedly forbids specific and declaratory relief on contract claims).

5

04-cv-02384-WYD-PAC
August 1, 2005

jurisdiction, and since the APA does not create subject matter jurisdiction, this court does not have subject matter jurisdiction to hear this case based on the APA. I conclude there is no basis for subject matter jurisdiction under the APA.

Accordingly, I recommend that defendants' motion to dismiss under Rule 12(b)(1) be granted.

### Recommendation

For the reasons stated above, it is

**RECOMMENDED** that defendants Bureau of Land Management and Wild Horse Holding Facility's Motion to Dismiss [filed April 15, 2005], be **GRANTED and that plaintiff's complaint should be DISMISSED IN ITS ENTIRETY**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations**

04-cv-02384-WYD-PAC
August 1, 2005

**of the magistrate judge.**

Dated this 1st day of August, 2005.

                                              BY THE COURT:
                                              s/ Patricia A. Coan
                                              PATRICIA A. COAN
                                              United States Magistrate Judge