IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-D-2384 (PAC)

PATRICE THIESSEN,

     Plaintiff(s),

v.

BUREAU OF LAND MANAGEMENT;
WILD HORSE HOLDING FACILITY; and
CANON CITY, COLORADO,

     Defendant(s).

**ORDER ADOPTING AND AFFIRMING RECOMMENDATION**

    I.     INTRODUCTION

THIS MATTER is before the Court on Defendants Bureau of Land Management's ("BLM") and Wild Horse Holding Facility's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed April 15, 2005.  The matter was referred to Magistrate Judge Patricia A. Coan for a recommendation on April 18, 2005.  Magistrate Judge Coan issued a Recommendation on August 1, 2005, which is incorporated herein by reference ("Recommendation").  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). Magistrate Judge Coan recommends therein that Defendants' Motion to Dismiss be granted and Plaintiff's complaint be dismissed in its entirety.  Recommendation at 6. The Recommendation advised that written objections were due within ten days after service of the Recommendation.  *Id.*  Plaintiff filed her objection on August 19, 2005.

Defendants filed a Response to Plaintiff's Objection on September 2, 2005.

II.  BACKGROUND

On November 17, 2004, Plaintiff filed her *pro se* Complaint in this case. In her Complaint Plaintiff alleges that on or about August 24, 2004, she was approved for bidding on the BLM Wild Horse Internet Adoption Auction. Plaintiff states that on September 15, 2004, she was informed that she was the second highest bidder and next in line to adopt wild horse #7359. Plaintiff complains that although she informed the BLM that she desired to adopt horse #7359, Defendants allowed another party to adopt the horse without first giving Plaintiff proper notification or opportunity to adopt the horse upon its release. Plaintiff seeks "completion of the option to adopt horse #7359," transfer of horse #7359 to a training facility, and "reimbursement for court cost, travel expenses, and loss of work time as calculated at close of case." Essentially, Plaintiff requests that this Court enter an Order compelling the BLM to allow her to complete adoption of horse #7359.

Defendants BLM and Wild Horse Holding Facility filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction on April 15, 2005, in which they characterized Plaintiff's claim as one for "specific performance of a purported contract with Defendants," to adopt horse #7359. Defendants asserted that the District Court lacks jurisdiction to grant specific performance on a breach of contract claim against the United States because the United States has not waived its sovereign immunity for such a remedy. Plaintiff filed a Response to the Motion to Dismiss on May 24, 2005. In her Response, Plaintiff did not dispute Defendants' characterization of her claim but

asserted that the District Court has jurisdiction to grant specific performance on a breach of contract claim because the United States has waived its sovereign immunity under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.  Plaintiff further asserted that the Tenth Circuit "upheld specific performance under the APA" in *Hamilton Stores, Inc. v. Hodel*, 925 F.2d 1272 (10th Cir. 1991).

On August 1, 2005, Magistrate Judge Coan issued a Recommendation to grant Defendants' Motion to Dismiss and to dismiss Plaintiff's Complaint in its entirety.  In her *Recommendation* Magistrate Judge Coan characterized this case as an action for specific performance of a contract in which Plaintiff is "seeking to exercise her option to adopt a wild horse, pursuant to a $235 bid she made for the horse."  Magistrate Judge Coan noted that the adoption program Plaintiff participated in is authorized by the Wild Free-Roaming Horse and Burro Act, 16 U.S.C. § 1331, and its implementing regulations, but further noted that "[t]hose regulations do not specify the manner by which the adoptions, undertaken in person or via the internet, are conducted."  While Magistrate Judge Coan found that Plaintiff made no reference to any source of federal jurisdiction in her Complaint, in an effort to liberally construe the *pro se* Complaint, she examined several possible bases for subject matter jurisdiction.  Ultimately, Magistrate Judge Coan concluded that Plaintiff's Complaint lacked subject matter jurisdiction under both the Little Tucker Act, 28 U.S.C. § 1346, and the APA.

Plaintiff objected to the Recommendation, reasserting her argument that the APA waives sovereign immunity in cases against federal agencies for non-monetary relief. Plaintiff also objected to the Magistrate Judge Coan's statement in a footnote of the

Recommendation that "Federal Courts appear to be unanimous in their holding that the Tucker Act impliedly forbids a federal district court from granting equitable relief against the government in contract claims," and again cited the Tenth Circuit's decision in *Hamilton Stores, Inc., supra*. Defendants filed a Response to Plaintiff's Objection on September 2, 2005.

III.   ANALYSIS

As an initial matter, I note that in their Response to Plaintiff's Objection, Defendants assert that in reviewing the Recommendation the Court should apply a "no clear error on the face of the record" standard of review because the Objection was untimely filed pursuant to FED. R. CIV. P. 6(a) and (e).  Although it appears that Plaintiff's Objection was filed one day late, I exercise my discretion and review the Recommendation under the more stringent *de novo* standard of review as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  *See Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

It is well settled that sovereign immunity prohibits the United States from being sued without an express waiver by Congress.  *Block v. North Dakota ex rel. Bd. of Univ. and School Lands*, 461 U.S. 273, 287 (1983).  Without a waiver of sovereign immunity, courts lack jurisdiction to adjudicate actions against the United States.  *See United States v. Sherwood*, 312 U.S. 584, 586 (1941).  While Plaintiff brings this action *pro se*, she nevertheless bears the burden of showing that her case falls within this Court's subject matter jurisdiction.

Plaintiff does not object to the portion of the Recommendation characterizing the remedy she seeks in this action as specific performance, rather than monetary damages. While Plaintiff's Complaint makes reference to what she describes as "internet adoption protocol" she does not assert Defendants' actions violated any federal statute or regulation. Nor does she take issue with Magistrate Judge Coan's observation that nothing in the Wild Free-Roaming Horse and Burro Act, 16 U.S.C. § 1331, nor its implementing regulations "specify the manner by which the adoptions, undertaken in person or via the internet, are conducted." In her Complaint, Plaintiff states that subject matter jurisdiction over her claim is proper because "Defendant is a U.S. Government agency," and because in section 702 of the APA, the Government expressly waives its sovereign immunity in cases seeking relief other than money damages.

Section 702 of the APA provides:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. <u>An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.</u> The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: *Provided*, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. <u>Nothing herein</u> (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable

>       ground; or (2) <u>confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought</u>.

5 U.S.C. § 702 (emphasis added).  Section 702 is a general waiver of sovereign immunity from suits for non-monetary relief for which federal-question jurisdiction otherwise exists.  *See United States v. Mitchell*, 463 U.S. 206, 227 n.32 (1983).  However, section 702 states that this waiver is limited to circumstances in which no other statute "expressly or impliedly forbids the relief sought."  *See* 5 U.S.C. § 702(2); *see also Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 375 (2d. Cir. 1999).

Under the Little Tucker Act, 28 U.S.C. § 1346(a)(2), the district courts have original jurisdiction over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, <u>or upon any express or implied contract with the United States</u>." (emphasis added).  Jurisdiction under the Little Tucker Act is limited to actions for money damages as opposed to equitable relief.  *Hamilton Stores, Inc. v. Hodel*, 925 F.2d 1272, 1278 (10th Cir. 1991).  Because the Little Tucker Act mandates exclusive jurisdiction over contract claims, the Tenth Circuit has found that the waiver of sovereign immunity contained in section 702 of the APA "does not extend to actions founded on a contract with the United States."  *See S.E. Kan. Cmty. Action Program, Inc. v. Sec'y of Agric.*, 967 F.2d 1452, 1456 & n.4 & 5 (10th Cir. 1992)*; see also Eagle-Picher Industries, Inc.*, 901 F.2d 1530, 1532 & n.1 (10th Cir. 1990) (citing *Coggeshall Development Corp. v. Diamond*, 884 F.2d 1, 5 (1st Cir. 1989).  Therefore, claims for breach of contract against the United States that seek equitable

relief are not proper under the Little Tucker Act or section 702 of the APA, because the Tucker Act is a statute that "impliedly forbids" a district court from granting such relief. *See e.g.*, *Kroekel v. Marshals Serv.*, 1999 WL 33919792 *11-12 (D. Colo, May 21, 1999) (unpublished). I conclude that the APA's waiver of sovereign immunity does not extend to Plaintiff's claim for specific performance of a contract in this case. *See Miami Tribe v. United States*, 316 F.Supp. 1035, 1040 (D. Kan. 2004) ("[t]he only remedy to which the United States has consented in cases of breach of contract is to *the payment of money damages* [under the Tucker Act]"); *see also Coggeshall*, 884 F.2d at 3 ("[f]ederal courts do not have the power to order specific performance by the United States of its alleged contractual obligations"); *Sommer v. Federal Aviation Administration*, 25 F.3d 1058, (10th Cir. 1994) (unpublished) (same).

I also reject Plaintiff's assertion that the Tenth Circuit's decision in *Hamilton Stores v. Hodel*, 925 F.2d 1272 (10th Cir. 1991), mandates a contrary result. In *Hamilton Stores*, the plaintiff brought claims against the Secretary of the Interior for violations of the Concessions Policy Act of 1965, 16 U.S.C. § 20, *et seq.*, the regulations promulgated thereunder, 36 C.F.R. §§ 51.1 - 51.7., as well as a claim premised on plaintiff's concession contract with the National Park Service. *Hamilton Stores*, 925 F.2d at 1279. In contrast to the suit at bar, the plaintiff in *Hamilton* primarily sought review of certain agency procedures that the plaintiff claimed were contrary to federal law. The majority of the court's analysis concerning the propriety of the district court's jurisdiction is devoted to an analysis of whether the plaintiff's claims fell within the exclusive jurisdiction of the Claims Court under the Tucker Act. *Id.* at

1277-80. Ultimately, the court found that plaintiff's claims were "founded upon" its contract with the National Park Service but concluded that jurisdiction was not proper in the Claims Court because the "essential purpose" of plaintiff's action was a challenge "to the procedural fairness of a government agency's award of a public contract," under 36 C.F.R. §§ 51.1 - 51.7, not an action to obtain monetary relief. *Id.* at 1278. In a footnote, the court stated "recognition that [plaintiff's] action against the Secretary is not an action for money damages resolves the issue of the waiver of sovereign immunity raised by the government," and cited the first portion of 5 U.S.C. § 702. However, the court did not address the impact of the second portion of section 702, which limits the government's waiver of sovereign immunity in cases seeking relieve "other than money damages" to cases in which no other statute "expressly or impliedly forbids the relief sought" on a claim for specific performance of breach of contract. Based on the authorities cited above, I conclude that the Little Tucker Act impliedly forbids this Court from granting Plaintiff's request for specific performance of her alleged contract with the government to adopt horse #7359.

IV.   CONCLUSION

Having reviewed Magistrate Judge Coan's Recommendation, Plaintiff's Objection, and Defendant's Response to Plaintiff's Objection, I find that the Recommendation is both proper and supported by case law. Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Patricia

A. Coan dated August 1, 2005, is **AFFIRMED** and **ADOPTED**.  In accordance therewith, it is

FURTHER ORDERED that Plaintiff's Objection filed August 19, 2005 is **OVERRULED**.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss filed April 15, 2005 is **GRANTED**.  It is

FURTHER ORDERED that the Complaint is **DISMISSED** in its entirety.

Dated:  February 16, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge